TIMOTHY J. MCCAFFERY, State Bar No. 154668
tjm@llcllp.com
LEORA R. RAGONES, State Bar No. 215423
lragones@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone: (510) 433-2600
Facsimile: (510) 433-2699

Attorneys for Defendant
CAL STATE 9 CREDIT UNION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SADIE MARIE FORD, as personal representative of CLYDEL PERRY, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CAL STATE 9 CREDIT UNION, a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C08-03635 SC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO SUBSTITUTE PARTY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUBSTITUTE PARTY**<br><br>Date: September 5, 2008<br>Time: 10 a.m.<br>Dept.: Courtroom 1, 17th Floor<br>San Francisco<br>Judge: Samuel Conti |

**NOTICE OF MOTION AND MOTION TO SUBSTITUTE PARTY**

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 5, 2008 at 10 a.m. in Courtroom 1 of the United States District Court, Northern District, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, or as soon thereafter as the matter may be heard, the National Credit Union Administration Board, in its capacity as the Liquidating Agent for Cal State 9 Credit Union, will move this Court for an Order granting its motion to substitute the National Credit Union Administration Board as the defendant in this case.

///
///

This motion is made and based upon this Notice, the Memorandum of Points and Authorities in support thereof, and the pleadings and any other documents on file, as well as any other evidence produced at the hearing of the matter.

### MEMORANDUM OF POINTS AND AUTHORITIES

1. Plaintiff filed suit against Cal State 9 Credit Union (CS9CU) alleging that CS9CU improperly permitted the withdrawal of funds from a credit union account by an unauthorized individual.

2. Plaintiff seeks damages in excess of $177,000 as a result of the alleged actions of the credit union in this matter.

3. On June 30, 2008, Cal State 9 Credit Union was placed into involuntary liquidation, and the National Credit Union Administration Board (NCUA) was appointed Liquidating Agent of the credit union pursuant to the provisions of 12 U.S.C. §1787(a)(3). A copy of the Notice of Involuntary Liquidation is attached as Exhibit A.

4. By operation of law, the Liquidating Agent succeeds to all rights, titles, powers, and privileges of the credit union. *See* 12 U.S.C. §1787(b)(2)(A)(i). Pursuant to 12 U.S.C. §1789, the Liquidating Agent is empowered to be sued and defend in any court of law or equity. Accordingly, it is the proper entity for purposes of this lawsuit.

### CONCLUSION

As CS9CU is no longer the proper entity to be sued in this matter, the National Credit Union Administration in its capacity as Liquidating Agent respectfully requests that it be substituted as a defendant in this matter.

DATED: July 30, 2008                           LOMBARDI, LOPER & CONANT, LLP

                                               By:   /s/ Leora R. Ragones
                                                     LEORA R. RAGONES
                                                     Attorneys for Defendant
                                                     CAL STATE 9 CREDIT UNION

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

00525-33235 LRAGONES 557637.1                  2                        Case No. C08-03635 SC
DEF CAL STATE 9 CU'S NOTICE OF MOTION AND MOTION TO SUB PARTY; MEMO OF P&AS

Exhibit "A"



National Credit Union Administration
REGION V

UNITED STATES OF AMERICA
# NATIONAL CREDIT UNION ADMINISTRATION

In The Matter Of The Liquidation Of )
)
CAL STATE 9 CREDIT UNION, ) NCUA Docket No. 08-0023-R5
Certificate NO. 64449 )
)

## NOTICE OF INVOLUNTARY LIQUIDATION

The National Credit Union Administration ("NCUA"), pursuant to section 207(a)(3) of the Federal Credit Union Act ("Act"), 12 U.S.C. §1787(a)(3), hereby places Cal State 9 Credit Union ("Cal State 9 CU") into involuntary liquidation. The NCUA Board hereby appoints itself Liquidating Agent of Cal State 9 CU.

The liquidation of Cal State 9 CU is effective upon delivery of this Notice. You are hereby ordered to cause the immediate release of all of Cal State 9 CU's books, records, assets and property of every description to the sub-agents of the Liquidating Agent.

*Authority to Liquidate*. The NCUA Board is authorized to liquidate a State-chartered credit union that is determined to be "critically undercapitalized" under prompt corrective action. 12 U.S.C. §1787(a)(3)(A)(ii).

*Net Worth Classification*. Cal State 9 CU is determined to be "critically undercapitalized" as defined by 12 U.S.C. 1790d(c)(1)(E). The present cash values of the asset and liability account records of Cal State 9 CU, as of May 31, 2008, show net assets of $18,392,688 against recorded shares and deposits totaling $229,407,136, reflecting a net worth ratio of negative 172.83 percent (-172.83%).

*Appointment of Sub-Agents*. Pursuant to 12 U.S.C. §§1766(d), 1766(i), 1787(b), 1789(a)(10), the NCUA Board is authorized to appoint agents to assist it in carrying out its duties as Liquidating Agent. By Delegation of Authority, the Regional Director and the President of NCUA's Asset Management and Assistance Center ("AMAC") are authorized to appoint agents for the Liquidating Agent. Accordingly, the Regional Director hereby appoints the following persons as sub-agents of the NCUA Board as Liquidating Agent of Cal State 9 CU:

1. David Hibshman, Associate Regional Director-Operations
2. Don Klein, Deputy to the President – AMAC
3. Michael Dyer, Director of Special Actions
4. Victoria Bennett, Problem Case Officer
5. Max Peeples, Liquidation Analyst

*Authority of Sub-Agents*. Each person appointed to serve as an agent of the NCUA Board as Liquidating Agent of Cal State 9 CU possesses the authority normally delegated to a liquidating and claims agent including, but not limited to, the authority to appoint additional sub-agents; to take possession of books, records, assets and property of the credit union; to sell, enforce collection of and liquidate all such assets and property; to compound all bad and doubtful debts; to sue in the agent's name and in the name of the credit union and to defend such actions as may be brought against the credit union; to receive, examine and pass upon claims made against the credit union and the National Credit Union Share Insurance Fund; to make distribution and payment to creditors and members as their interest may appear; and to execute such documents and to do such other acts as may be necessary or desirable to wind up the affairs of the closed credit union.

In connection with the authority to execute documents on behalf of a credit union in liquidation, each sub-agent is hereby authorized and empowered in the name and on behalf of the Liquidating Agent of Cal State 9 CU to:

(a) Assign, extend, discharge in whole or in part, foreclose (including making an entry to foreclose) any mortgage of real or personal property standing in the name of Cal State 9 CU individually or held by Cal State 9 CU in any fiduciary capacity, also to subordinate the lien of any such mortgage to any other mortgage, to any lease, or to any other interest, and to initiate and to defend any action with respect to any such mortgage;

(b) Sell, lease, convey, grant assessments or other interest in, enter agreements with respect to, and to initiate and to defend any action with respect to any real estate acquired by Cal State 9 CU individually by virtue of the foreclosure of any mortgage or deed in lieu of such foreclosure or held by Cal State 9 CU in any fiduciary capacity;

(c) Sign, seal with the corporate seal, acknowledge and deliver all pleadings, affidavits, deeds, contracts, releases, discharges, certificates, leases, assents, grants and other instruments necessary or appropriate to carry out the foregoing powers, and such execution shall in each case be conclusive as to the authority of the executing officer; and

(d) Repudiate leases, contracts, agreements or other instruments to which Cal State 9 CU is a party if performance would be burdensome or would hinder the orderly administration of the affairs of Cal State 9 CU.

IT IS SO ORDERED this 30th day of June 2008.

NATIONAL CREDIT UNION
ADMINISTRATION BOARD

By: *[signature: Melinda Love]*

Melinda Love
Regional Director
NCUA Region V
1230 West Washington Street
Suite 301
Tempe, AZ 85281