TIMOTHY J. MCCAFFERY, State Bar No. 154668
tjm@llcllp.com
LEORA R. RAGONES, State Bar No. 215423
lragones@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone:    (510) 433-2600
Facsimile:    (510) 433-2699

Attorneys for Defendant
CAL STATE 9 CREDIT UNION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SADIE MARIE FORD, as personal representative of CLYDEL PERRY, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CAL STATE 9 CREDIT UNION, a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C08-03635 SC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR STAY**<br><br>Date:    September 5, 2008<br>Time:   10 a.m.<br>Dept.:   Courtroom 1, 17th Floor<br>             San Francisco<br>Judge:  Samuel Conti |

**NOTICE OF MOTION AND MOTION FOR STAY**

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 5, 2008 at 10 a.m. in Courtroom 1 of the United States District Court, Northern District, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, or as soon thereafter as the matter may be heard, Defendant Cal State 9 Credit Union will move this Court for an order to stay this action.

This motion is made and based upon this Notice, the Memorandum of Points and Authorities in support thereof and the pleadings and any other documents on file, as well as any other evidence produced at the hearing of the matter.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 12 U.S.C. § 1787(b)(12), the National Credit Union Administration Board as Liquidating Agent for Cal State 9 Credit Union (CS9CU) moves this Court for an order staying this matter as to all parties for a period of ninety (90) days from the date of entry of such order.

1. On June 30, 2006, Defendant CS9CU was placed into involuntary liquidation, and the National Credit Union Administration Board was appointed Liquidating Agent of the credit union pursuant to the provisions of 12 U.S.C. § 1787(a)(3). A copy of the Notice of Involuntary Liquidation and Revocation of Charter is attached as Exhibit A.

2. As Liquidating Agent for the Credit Union, the Board succeeded to all right, title and interest of the credit union by operation of law. *See* 12 U.S.C. § 1787(b)(2)(A).

3. The Board as Liquidating Agent is authorized to request a stay of any judicial action or proceeding to which a credit union in liquidation is or becomes a party. Once such a stay is requested by the Liquidating Agent, the Court in which the stay is requested must grant the stay. 12 U.S.C. § 1787(b)(12) provides:

> **Suspension of Legal Actions.**
>
> (A) **In General.**—After the appointment of a conservator or liquidating agent for an insured credit union, the conservator or liquidating agent may request a stay for a period not to exceed –
>
> (i) 45 days, in the case of any conservator; and
> (ii) 90 days, in the case of any liquidating agent, in any judicial action or proceeding to which such credit union is or becomes a party.
>
> (B) **Grant of Stay by all Courts Required.**—Upon receipt of a request by any conservator or liquidating agent pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties.

///
///
///
///
///

1    WHEREFORE the NCUA Board as Liquidating Agent for Defendant CS9CU respectfully requests that this Court enter an order implementing the statutorily required stay of proceedings in this case with respect to all parties for a period of ninety (90) days from the date of entry of such order.

DATED: July 30, 2008            LOMBARDI, LOPER & CONANT, LLP

By:    /s/ Leora R. Ragones
       LEORA R. RAGONES
       Attorneys for Defendant
       CAL STATE 9 CREDIT UNION

# Exhibit "A"



National Credit Union Administration
REGION V

UNITED STATES OF AMERICA
# NATIONAL CREDIT UNION ADMINISTRATION

In The Matter Of The Liquidation Of )
)
CAL STATE 9 CREDIT UNION, ) NCUA Docket No. 08-0023-R5
Certificate NO. 64449 )
)

## NOTICE OF INVOLUNTARY LIQUIDATION

The National Credit Union Administration ("NCUA"), pursuant to section 207(a)(3) of the Federal Credit Union Act ("Act"), 12 U.S.C. §1787(a)(3), hereby places Cal State 9 Credit Union ("Cal State 9 CU") into involuntary liquidation. The NCUA Board hereby appoints itself Liquidating Agent of Cal State 9 CU.

The liquidation of Cal State 9 CU is effective upon delivery of this Notice. You are hereby ordered to cause the immediate release of all of Cal State 9 CU's books, records, assets and property of every description to the sub-agents of the Liquidating Agent.

*Authority to Liquidate.* The NCUA Board is authorized to liquidate a State-chartered credit union that is determined to be "critically undercapitalized" under prompt corrective action. 12 U.S.C. §1787(a)(3)(A)(ii).

*Net Worth Classification.* Cal State 9 CU is determined to be "critically undercapitalized" as defined by 12 U.S.C. 1790d(c)(1)(E). The present cash values of the asset and liability account records of Cal State 9 CU, as of May 31, 2008, show net assets of $18,392,688 against recorded shares and deposits totaling $229,407,136, reflecting a net worth ratio of negative 172.83 percent (-172.83%).

*Appointment of Sub-Agents.* Pursuant to 12 U.S.C. §§1766(d), 1766(i), 1787(b), 1789(a)(10), the NCUA Board is authorized to appoint agents to assist it in carrying out its duties as Liquidating Agent. By Delegation of Authority, the Regional Director and the President of NCUA's Asset Management and Assistance Center ("AMAC") are authorized to appoint agents for the Liquidating Agent. Accordingly, the Regional Director hereby appoints the following persons as sub-agents of the NCUA Board as Liquidating Agent of Cal State 9 CU:

1. David Hibshman, Associate Regional Director-Operations
2. Don Klein, Deputy to the President – AMAC
3. Michael Dyer, Director of Special Actions
4. Victoria Bennett, Problem Case Officer
5. Max Peeples, Liquidation Analyst

*Authority of Sub-Agents*. Each person appointed to serve as an agent of the NCUA Board as Liquidating Agent of Cal State 9 CU possesses the authority normally delegated to a liquidating and claims agent including, but not limited to, the authority to appoint additional sub-agents; to take possession of books, records, assets and property of the credit union; to sell, enforce collection of and liquidate all such assets and property; to compound all bad and doubtful debts; to sue in the agent's name and in the name of the credit union and to defend such actions as may be brought against the credit union; to receive, examine and pass upon claims made against the credit union and the National Credit Union Share Insurance Fund; to make distribution and payment to creditors and members as their interest may appear; and to execute such documents and to do such other acts as may be necessary or desirable to wind up the affairs of the closed credit union.

In connection with the authority to execute documents on behalf of a credit union in liquidation, each sub-agent is hereby authorized and empowered in the name and on behalf of the Liquidating Agent of Cal State 9 CU to:

(a) Assign, extend, discharge in whole or in part, foreclose (including making an entry to foreclose) any mortgage of real or personal property standing in the name of Cal State 9 CU individually or held by Cal State 9 CU in any fiduciary capacity, also to subordinate the lien of any such mortgage to any other mortgage, to any lease, or to any other interest, and to initiate and to defend any action with respect to any such mortgage;

(b) Sell, lease, convey, grant assessments or other interest in, enter agreements with respect to, and to initiate and to defend any action with respect to any real estate acquired by Cal State 9 CU individually by virtue of the foreclosure of any mortgage or deed in lieu of such foreclosure or held by Cal State 9 CU in any fiduciary capacity;

(c) Sign, seal with the corporate seal, acknowledge and deliver all pleadings, affidavits, deeds, contracts, releases, discharges, certificates, leases, assents, grants and other instruments necessary or appropriate to carry out the foregoing powers, and such execution shall in each case be conclusive as to the authority of the executing officer; and

(d) Repudiate leases, contracts, agreements or other instruments to which Cal State 9 CU is a party if performance would be burdensome or would hinder the orderly administration of the affairs of Cal State 9 CU.

IT IS SO ORDERED this 30th day of June 2008.

                        NATIONAL CREDIT UNION
                        ADMINISTRATION BOARD

By: _____
       Melinda Love
       Regional Director
       NCUA Region V
       1230 West Washington Street
       Suite 301
       Tempe, AZ 85281