UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADIE MARIE FORD, as personal representative of CLYDEL PERRY, deceased,<br><br>    Plaintiff,<br><br> v.<br><br>CAL STATE 9 CREDIT UNION, a California Corporation; and DOES 1 through 20, inclusive,<br><br>    Defendants. | No. C-08-3635 SC<br><br>ORDER GRANTING MOTION TO SUBSTITUTE PARTY AND GRANTING MOTION <u>TO STAY CASE</u> |

  Plaintiff Sadie Marie Ford brought this suit against the Cal State 9 Credit Union on November 29, 2007, in the Alameda County Superior Court, and served Defendant on December 3, 2007. <u>See</u> Notice of Removal, Docket No. 1, Ex. A ("Compl."). Defendant Cal State 9 Credit Union ("CS9") filed its Answer in the Superior Court on January 8, 2008. <u>Id.</u> Ex. C. On June 30, 2008, CS9 was placed into involuntary liquidation and the National Credit Union Administration Board (the "Board") was appointed as the Liquidating Agent. <u>Id.</u> ¶ 4, Ex. D (Notice of Involuntary Liquidation); <u>see also</u> 12 U.S.C. § 1787(a)(3). The Board then removed the action to this Court pursuant to the Court's jurisdiction under 12 U.S.C. § 1789(a)(2). <u>Id.</u>

  Before the Court are two unopposed motions by the Board. The first is a motion to substitute the Board as the defendant in this case. <u>See</u> Docket No. 6. The second is a motion to stay the case for 90 days. <u>See</u> Docket No. 8. The Court GRANTS both motions.

When the Board assumes the role of Liquidating Agent for a credit union, it shall succeed to "all rights, titles, powers, and privileges of the credit union, and of any member, accountholder, officer, or director of such credit union with respect to the credit union and the assets of the credit union." 12 U.S.C. § 1787(b)(2)(A)(i). As liquidating agent, the Board may also conduct all business and operations of the credit union. See id. § 1787(b)(2)(B)(i)-(iv). In this role, the Board may "sue and be sued, complain and defend, in any court of law or equity, State or Federal." 12 U.S.C. § 1789(a)(2). As the Board has assumed all of the relevant rights and responsibilities of CS9, and is statutorily empowered to litigate on CS9's behalf, the Court finds substitution of the Board as the defendant proper in this matter.

As Liquidating Agent, the Board requests that the Court stay this action for 90 days pursuant to 12 U.S.C. § 1787(b)(12)(A)(2). Upon receipt of such a request, the Court is obligated to stay the action. See id. § 1787(b)(12)(B).

For the foregoing reasons, the Court GRANTS the motion to substitute the Board as the defendant in this matter and GRANTS the motion to stay. This action is hereby STAYED for 90 days, effective as of the filing of this order.

IT IS SO ORDERED.

Dated: September 5, 2008

_____
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| SADIE MARIE FORD,<br><br>　　　　　Plaintiff,<br><br>  v.<br><br>CAL STATE 9 CREDIT UNION et al,<br><br>　　　　　Defendant.<br>_____/ | Case Number: CV08-03635 SC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Christine A. Chorney
Casalina & Disston
418 Third Street, Suite 101
Oakland, CA 94607


Dated: September 5, 2008

　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　By: T. De Martini, Courtroom Deputy Clerk